**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

PAUL J.M. KAWIMBE,
    Plaintiff,

           v.

THE AFRICAN METHODIST
EPISCOPAL CHURCH,
    Defendant.

Civil Action No.
1:20-cv-04711-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Paul J.M. Kawimbe's motion for reconsideration [ECF 34] of the Court's Order granting Defendant's motion to dismiss [ECF 31]. After careful consideration of the parties' briefing, the Court **DENIES** the motion.

**I.    Background**

Kawimbe filed suit against Defendant the African Methodist Episcopal Church,[1] seeking indemnification for attorneys' fees and expenses he incurred in connection with his successful defense in an internal dispute resolution proceeding.[2] Following a hearing, the Court granted the Church's motion to

---

[1]    Defendant's correct name is the African Methodist Episcopal Church, Inc., but the Court denied as moot Kawimbe's motion to amend, ECF 20, which would have corrected the name, when it dismissed the case.

[2]    *See generally*, ECF 1.

dismiss, finding that the ecclesiastical abstention doctrine deprived it of jurisdiction.[3]

Kawimbe moves for reconsideration of the Court's Order.[4] He argues that reconsideration is warranted to correct clear error because, in ruling on the motion to dismiss, the Court incorrectly found that ecclesiastical abstention is a jurisdictional bar, it improperly ruled on subject matter jurisdiction without giving the parties an opportunity to conduct discovery, and it incorrectly found that it could not apply neutral principals of law to resolve the case. [5] The Church filed a response in opposition to Kawimbe's motion,[6] and Kawimbe filed a reply.[7]

## II.   Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* To prove absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law;

---

[3]   ECF 31, at 12–13.

[4]   ECF 34.

[5]   ECF 34-1, at 6–23.

[6]   ECF 35.

[7]   ECF 36.

or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Reconsideration motions cannot be used simply "as an opportunity to show the court how it 'could have done it better[,]' . . . present the court with arguments already heard and dismissed[,] or to repackage familiar arguments to test whether the court will change its mind." *Id*.

### III.   Discussion

Kawimbe asserts that the Court erred in granting the Church's motion to dismiss because it (1) incorrectly found that the ecclesiastical abstention doctrine is a jurisdictional bar;[8] (2) improperly granted a factual attack on subject matter jurisdiction before allowing discovery;[9] and (3) incorrectly found that it could not apply neutral principles of law to resolve Kawimbe's claims.[10] The Court disagrees that reconsideration is warranted and addresses each argument in turn.

#### A.   The Court Properly Applied the Ecclesiastical Abstention Doctrine as a Jurisdictional Bar.

Kawimbe first argues that the Court erred in finding that the ecclesiastical abstention doctrine is a jurisdictional bar as opposed to an affirmative defense.[11]

---

8   ECF 34-1, at 6–8.

9   *Id*. at 8–9.

10   *Id*. at 9–23.

11   *Id*. at 6.

Kawimbe asserts that the Supreme Court's decision in *Hosanna-Tabor Evangelical Lutheran Church & School v. E.E.O.C.*, 565 U.S. 171, 195 n.4 (2012), abrogated any prior precedent holding that the ecclesiastical abstention doctrine implicates subject matter jurisdiction. In *Hosanna-Tabor*, the Supreme Court resolved a circuit split and found that the ministerial exception to employment discrimination claims is a defense on the merits and not a jurisdictional bar. *Id.* Kawimbe contends that the ministerial exception, which allows religious institutions sole authority to select and control its ministers, is an outgrowth of the ecclesiastical abstention doctrine and, accordingly, the ecclesiastical abstention doctrine should similarly be treated as an affirmative defense.

As the Church rightly points out,[12] however, even after *Hosanna-Tabor*, the Eleventh Circuit continues to treat the ecclesiastical abstention doctrine as a jurisdictional concern. *Rutland v. Nelson*, 857 F. App'x 627, 628 (11th Cir. 2021) (affirming *sua sponte* dismissal for lack of subject matter jurisdiction based on ecclesiastical abstention doctrine); *Eglise Baptiste Bethanie De Ft. Lauderdale, Inc. v. Seminole Tribe of Fla.*, 824 F. App'x 680, 683 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2622 (2021) (the Eleventh Circuit has "long recognized" that the Establishment and

---

12   ECF 35, at 5–10.

Free Exercise clauses require courts to refrain from adjudicating ecclesiastical disputes); *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 719 F. App'x 926, 928 (11th Cir. 2018) ("Civil courts lack jurisdiction to entertain disputes involving church doctrine and polity."). The Court declines to adopt Kawimbe's broad interpretation of *Hosanna-Tabor*.

Moreover, the sole case cited by Kawimbe, a 2016 decision from the Minnesota Supreme Court, does not support the proposition that the ecclesiastical abstention doctrine is an affirmative defense. *Pfeil v. St. Matthews Evangelical Lutheran Church of Unaltered Augsburg Confession of Worthington*, 877 N.W.2d 528, 535 (Minn. 2016). In *Pfeil*, the Minnesota Supreme Court affirmed dismissal of defamation and tort claims related to statements made by a pastor during an internal church disciplinary proceeding. *Id.* at 530. Though the court held that, pursuant to *Hosanna-Tabor*, the ecclesiastical abstention doctrine was not a jurisdictional bar, it declined to characterize the doctrine as an affirmative defense instead of a form of abstention, as the name implies, because the parties did not brief or argue the issue and resolution of that issue was not essential. *Id.* at 535. The court found, nonetheless, that adjudicating the claims would "excessively entangle the courts with religion and unduly interfere with respondents' constitutional right to make autonomous decisions regarding the governance of

their religious organization," and that the claims had been properly dismissed. *Id.* at 542.

Even though the characterization of the ecclesiastical abstention doctrine may be up for debate, the Eleventh Circuit has consistently applied it as a jurisdictional bar. The Court declined to deviate from the Eleventh Circuit's approach in dismissing Kawimbe's claims for want of jurisdiction and, more to the point, it was hardly clear error for it to do so. Reconsideration is not warranted. Kawimbe's arguments on this issue are better suited for an appeal.

### B. The Court Found It Lacked Subject Matter Jurisdiction Based on the Face of the Complaint.

Kawimbe also argues that reconsideration is necessary because the Court improperly ruled on a factual attack on subject matter jurisdiction without giving him an opportunity for discovery. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) (district court must give an opportunity for discovery or a hearing where appropriate for a fact-based 12(b)(1) motion).[13] On this point, clarification is necessary.

---

[13] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (Fifth Circuit decisions that existed on September 30, 1981 are binding precedent in the Eleventh Circuit).

Though the Court found that the Church's argument was best characterized as a factual attack because it asked the Court to consider documents outside of the four corners of the Complaint,[14] the Court in fact did not consider matters outside that pleading in determining that it lacked subject matter jurisdiction. The Court found that it lacked jurisdiction based *only* on the allegations on the face of the Complaint and jurisdictional discovery was, therefore, unnecessary. Specifically, the Court did not grant the motion to dismiss based on the Church's argument that the Court should give deference to the judicial council's decision denying Kawimbe's request for fees but, instead, because the issues raised in the Complaint would impermissibly entangle the Court in matters of Church governance.[15] Kawimbe misunderstood the Court's holding and the Court declines to reconsider its ruling on this basis.

### C. The Court Will Not Reconsider Its Application of the Ecclesiastical Abstention Doctrine.

Kawimbe's remaining arguments ask the Court to reconsider its conclusion that it could not apply neutral principles of law in determining whether Kawimbe was a representative of the Church or whether the internal disciplinary proceeding

---

[14]   ECF 31, at 5.

[15]   *Id.* at 11–13.

was brought by reason of his representative status, the two key inquiries under the Pennsylvania indemnification statutes at issue.[16] The Court heard and considered these arguments in ruling on the Church's motion to dismiss,[17] and declines to go through this analysis a second time. *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020) (motions to reconsider may not be used to "relitigate old matters") (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

### IV. Conclusion

Kawimbe's motion for reconsideration [ECF 34] is **DENIED**.

**SO ORDERED** this 15th day of August, 2022.

Steven D. Grimberg
United States District Court Judge

---

[16] ECF 45, at 9–23.

[17] ECF 19 (P's Resp. Opp. D's Mot. Dismiss), at 19–24; ECF 31, at 11–13.